527 A.2d 579

**COMMONWEALTH of Pennsylvania**

v.

**Arthur OGNIBENE, Appellant.**

Superior Court of Pennsylvania.

Submitted April 6, 1987.

Filed June 25, 1987.

Stanton D. Levenson, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Com., appellee.

Before KELLY, POPOVICH and WATKINS, JJ.

POPOVICH, Judge:

This is an appeal from an order denying a petition under the Post Conviction Hearing Act (PCHA). We affirm.

In 1984, appellant, Arthur Ognibene, entered a plea of guilty to a charge of theft by unlawful taking or disposition, 18 Pa.C.S.A. § 3921 and was subsequently sentenced to a term of 7 years probation and ordered to pay $8000 restitution. In 1986, appellant filed the instant petition requesting he be permitted to withdraw his guilty plea because counsel had rendered ineffective assistance.

Appellant raises two issues in his appeal to this court: 1) trial counsel was ineffective for failing to file a motion to supress; and, 2) trial counsel was ineffective for failing to file a motion to dismiss.

██ It is axiomatic that the standard of review in determining whether counsel rendered ineffective assistance necessitates an initial inquiry into the underlying claim. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977). Only if an underlying claim is found to be of arguable merit, do we proceed to determine whether there existed a reasonable basis for counsel's actions designed to protect the client's interests. *Commonwealth ex. rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).

We agree with the PCHA judge's determination that under existing case law, neither claim is of arguable merit. The factual background is as follows. Appellant was employed by the Aloe Coal Company when company officials discovered equipment was being stolen. Appellant was related to the Aloe family, and in August, 1983, appellant was presented with a letter of resignation and told that if he signed it and helped with an internal investigation, he would be paid the balance of his 1983 salary and health benefits. Appellant did so. In September, 1983, at a meeting with the Aloe Brothers and the company's attorney, appellant was informed he would not receive the money or benefits unless he made a full statement. He was told the statement was to be stenographically recorded but would not be used to prosecute him. Appellant did not receive the money nor benefits, and the statement was turned over to the police.

██ Appellant now contends trial counsel was ineffective for failing to file a motion to suppress this confession. Appellant argues that he was never advised of his *Miranda* rights, *Miranda v. State of Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and he was induced by promises that the statement would not be used against him. However, as conceded by appellant, the Fifth Amendment proscribes only governmental action and is not applicable to

the actions of private individuals unless they are acting as instruments of the state. *United States v. Jacobsen,* 466 U.S. 109, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984).

■ In the area of the Fourth Amendment, in order to determine whether a private individual was acting as an instrument of the state, we look to the purpose of the private individual's search, the party who initiated it, and, whether the government acquiesced in it or ratified it. *Commonwealth v. Cieri,* 346 Pa.Super. 77, 499 A.2d 317 (1985). While this same standard is applicable to Fifth Amendment confessions, we do not accept appellant's theory that the Commonwealth has "ratified" the actions of the private individuals and therefore, the taint of the illegal action was transferred to the government.

Appellant bases his ratification theory upon the proposed use of the confession as evidence by the Commonwealth. It is clear that the initial actions by the private individuals in obtaining the confession were not prompted by government officials. Our Pennsylvania Supreme Court has held that individual acts do not become imbued with the character of state action merely because they are relied upon and used by the Commonwealth in furtherance of state objectives. "The mere use by police and prosecutors of the results of an individual's actions does not serve to 'ratify' those actions as conduct of the state." *Commonwealth v. Corley,* 507 Pa. 540, 547, 491 A.2d 829, 832 (1985).

Just as we find trial counsel not to be ineffective for failing to file a motion to suppress which would have been properly denied, we also find no error in the failure to file a motion to dismiss. Pa.R.Cr.P. 314 states:

When a defendant is charged with an offense which is not alleged to have been committed by force or violence or threat thereof, the court may order the case to be dismissed upon motion and a showing that:

(a) the public interest will not be adversely affected; and

(b) the attorney for the Commonwealth consents to the dismissal; and

(c) *satisfaction has been made to the aggrieved person or there is an agreement that satisfaction will be made to the aggrieved person; and*

(d) there is an agreement as to who shall pay the costs.

(emphasis added)

We agree with the PCHA court's determination that satisfaction had not been made and hence, any motion to dismiss would have been futile.

Order affirmed.